# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. MENTZER, *et al.*, | : |
| Plaintiff, | : |
| v. | : C. A. No.1:06CV00281 (CKK) |
| CHARLES H. RAMSEY, In His Official Capacity, | : |
| Defendant. | : |

### DEFENDANT CHARLES RAMSEY'S MOTION TO DISMISS

The Defendant District of Columbia ("the District"), by and through counsel, hereby moves, pursuant to Rule 12 (b) (6), to dismiss this action. As grounds therefore, the defendant states:

1. Plaintiff has named as a defendant Charles Ramsey in his official capacity

2. The District of Columbia is not a named defendant and has not been served with process.

A memorandum of points and authorities in support of this motion is attached.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Nicole L. Lynch/s/
NICOLE L. LYNCH [471953]
Assistant Attorney General
Chief, Section II Civil Litigation

　/s/David A. Jackson/s/
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., 6 South
Washington, D.C.  20001
Direct Line: (202) 724-6618
Facsimile: (2020 727-3625
E-mail: davida.jackson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. MENTZER, *et al.*,

    Plaintiff,

    v.

CHARLES H. RAMSEY,
In His Official Capacity,

    Defendant.

C. A. No.1:06CV00281 (CKK)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT CHARLES RAMSEY'S MOTION TO DISMISS**

**NATURE OF THE CASE**

Plaintiffs Michael Mentzer and Leo Scully, Jr. brings this civil action against Charles Ramsey in his official capacity for alleged unlawful employment retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (2000), the DC Whistleblowers Act, DC Official Code § 1-615.53 *et seq*. and the DC Human Rights Act (D.C Official Code § 2-1401.01, *et seq.*

Plaintiffs are employees of the Metropolitan Police Department. Plaintiffs have only sued the Chief of Police Charles Ramsey in his official capacity. The District of Columbia is not named as a defendant nor has the District been served with process.

Defendant Charles Ramsey now moves to dismiss this complaint against him.

**STANDARD OF REVIEW**

In reviewing the sufficiency of a complaint pursuant to Fed R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967)). The court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. MCI*

*Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The motion can be granted, and the complaint dismissed, only if no relief could be granted upon those facts. *Id.*

## ARGUMENT

**1.    Plaintiff has named only Charles Ramsey, in his official capacity, as a defendant in this case and, therefore, this case should be dismissed.**

It is well settled that a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Will v. Michigan Dept . of State Police*, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 468 U.S. 464 (1985)); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (§ 1983 action against government official in official capacity is simply "another way of pleading an action against an entity of which an officer is an agent."). This is equally true of § 1983 suits against municipal officials in their official capacity. See, e.g., *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *Czajkowski v. City of Chicago*, 810 F. Supp. 1428, 1431 (N.D. Ill. 1992)(court sua sponte dismissed all official capacity claims against all government official defendants since City of Chicago named as defendant in § 1983 complaint); *Orange v. Suffolk County*, 830 F. Supp. 701, 706-07 (E.D.N.Y. 1993) (dismissing § 1983 claims against Suffolk County officials in their official capacities); *Kohn v. Mucia*, 776 F. Supp. 348, 355-56 (N.D. Ill. 1991).

In this case, plaintiff has only named Charles Ramsey in his official capacity as a defendant. Since official capacity suits are suits against the employer, this case should be dismissed because plaintiff has only sued Charles Ramsey and not the District.

Further, Rule 4(j)(2) of the Federal Rules of Civil Procedure requires that service upon a municipal corporation be made upon the chief executive officer. In this case, the chief executive officer is the Mayor of the District of Columbia and he has not been served with process. See, Civil Docket Sheet.

## CONCLUSION

For the forgoing reasons, defendant Charles Ramsey respectfully requests that this case against him be dismissed.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Nicole L. Lynch/s/
NICOLE L. LYNCH [471953]
Assistant Attorney General
Civ. Lit. Div., Chief Section II

/s/David A. Jackson/s/
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C. 20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail: davida.jackson@dc.gov