UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. MENTZER, *et al.*,   ) | |
| ) | |
| Plaintiffs,   ) | Civil Action No. 06-281 (CKK) |
| ) | |
| v.   ) | |
| ) | |
| CHARLES H. RAMSEY,   ) | |
| ) | |
| Defendant.   ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT CHARLES RAMSEY'S MOTION TO DISMISS**

Plaintiffs, by and through undersigned counsel and pursuant to LCvR 7(b), respectfully submit these points and authorities in opposition to Defendant's Motion to Dismiss and respectfully request that this Honorable Court deny the relief Defendant requests.

The Defendant's Motion appears to rest upon a factual misstatement. Contrary to their representations, the District of Columbia was properly served process in this matter.  See Exhibit 1 (returns of service against the Mayor and the D.C. Attorney General, filed with the Court as docket entry 2 on February 27, 2006).

However, defense counsel declined to withdraw his Motion after Plaintiffs brought the factual misstatement to his attention.  Accordingly, Plaintiffs also address the appropriateness of naming Chief Ramsey in his official capacity as the Defendant in this matter, to the extent there is any possible dispute as to this point.

**Chief Ramsey is appropriately named in his official capacity, making MPD the sole Defendant in this matter.**

There is no dispute that this litigation was filed against Chief Ramsey in his official capacity, which for all practical purposes is a suit against the Metropolitan

Police Department (MPD).  This is the routine and judicially accepted practice, and necessary because MPD is not *sui juris*.  See <u>Hinton v. Metropolitan Police Department</u>, 726 F.Supp. 875 (D.D.C. 1989) (holding that a plaintiff who wishes to sue the MPD should instead name the Chief in his official capacity).

All of the cases cited by Defendant for the proposition that official capacity defendants should be dismissed are expressly contingent on the fact that, in those cases, the official capacity defendant was duplicative of another named defendant.[1]

Here, however, the Plaintiffs have not named duplicative defendants.  The MPD (by operation of an official capacity suit) is the sole defendant in this matter.

There is no authority for the proposition that plaintiffs may not bring an official capacity action against their employer where doing so is not duplicative of other claims against other defendants.  On the contrary, official capacity suits are wholly appropriate and approved of by the Supreme Court, which has recognized that they "generally represent only another way of pleading an action against an entity of which an officer is an agent."  <u>Monell v. New York City Dept. of Social Svcs.</u>, 436 U.S. 658, 690 n. 55 (1978).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985).

---

[1] <u>See</u> Def's Memo. at 2, <u>citing</u> <u>Busby v. City of Orlando</u>, 931 F.2d 764, 776 (11th Cir. 1991) (in action that named the City, additional official capacity defendants dismissed because it "would have been redundant and possibly confusing to the jury"); <u>Czajkowski v. City of Chicago</u>, 810 F. Supp. 1428, 1431 n.2 (N.D. Ill. 1992) (dismissing official capacity defendants "[s]ince the City of Chicago is named as a defendant"); <u>Orange v. Suffolk County</u>, 830 F. Supp. 701, 707 (E.D.N.Y 1993) ("it would be redundant to allow the suit to proceed against both Suffolk County and the individuals in their official capacities"); <u>Kohn v. Mucia</u>, 776 F. Supp. 348, 356 (N.D. Ill. 1991) (official capacity defendants are "redundant and unnecessary, because they are essentially suits against the city, which is already a named defendant.").

Even in the context of employment discrimination cases, like this one, a suit against MPD by means of an official capacity suit is an accepted practice. See e.g. Gasser v. Ramsey, 125 F. Supp. 2d 1 (D.D.C. 2000) (employment discrimination suit is characterized by this Court as brought "against his employer," although it was technically brought against Chief Ramsey in his official capacity; denying motion for judgment on the pleadings).

**The District of Columbia was properly served process.**

Defendant is simply wrong in asserting that service was not effected against the Mayor. Def's Memo at 2. In addition to service upon the Chief in his official capacity, Plaintiffs properly served both the Mayor and the D.C. Attorney General, the Returns of Service for whom were filed with the Court on February 27, 2006. Exhibit 1 (docket entry 2). [2]

**In the alternative, substitution (not dismissal) would be the proper remedy.**

Even if the Court were to agree with Defendant that the District of Columbia should be the named Defendant in this action, the action still should not be dismissed. Rather, the appropriate relief would be to order Plaintiffs to substitute that party. See Fed. R. Civ. P. 17(a); Fed. R. Civ. P. 17 Advisory Committee Notes (Rule 17 is "intended to insure against forfeiture and injustice" in cases where "an honest mistake has been made in choosing the party in whose name the action is to be filed"); O'Hara v. District No. 1-PCD, MEBA, AFL-CIO, 56 f.3d 1514, 1519 (D.C. Cir. 1995); Wieburg v. GTW Southwest, Inc., 272 F.3d 302, 308-09 (5th Cir. 2001).

---

[2] Service was effected through certified mail, as prescribed by local law. See Fed. R. Civ. P. 4(j)(2); D.C. Code § 2-401; D.C. Super. Ct. R. Civ. P. 4(j).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny the relief requested in Defendant Charles Ramsey's Motion to Dismiss.

        Respectfully submitted,

        /s/ Zachary Wolfe (DC Bar No. 463548)
        People's Law Resource Center
        1725 I Street, NW, Suite 300
        Washington, DC 20006
        (202) 265-5965 – telephone
        (202) 250-6712 – facsimile