UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. MENTZER, *et al.*,

    Plaintiffs,

      v.

CHARLES H. RAMSEY,

    Defendant.

Civil Action No. 06–281 (CKK)

**MEMORANDUM OPINION**
(February 13, 2007)

On February 15, 2006, Plaintiffs Michael L. Mentzer and Leo W. Scully, Jr. filed a Complaint against Charles H. Ramsey,[1] in his official capacity as Chief of the District of Columbia Metropolitan Police Department ("MPD"). Plaintiffs, both white, male employees of MPD, allege claims of retaliation related to their complaints "of discrimination and mismanagement at the MPD, and more specifically at the Horse Mounted Unit," under Title VII of the Civil Rights Act, the D.C. Human Rights Act, and the D.C. Whistleblower Protection Act. On April 12, 2006, Defendant filed [5] Defendant Charles Ramsey's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which is the motion presently at issue. On April 25, 2006, Plaintiffs filed their Opposition. No reply was filed.[2] Based on the aforementioned filings as well as the relevant statutes and case law, the Court shall DENY Defendant's Motion to Dismiss.

---

[1] Plaintiffs should substitute the present Chief of the D.C. MPD since said party is being sued only in his/her official capacity.

[2] In the [8] "Report to the Court of LCvR 16.3 Conference," filed on May 18, 2006, the Parties indicated that "Defendant declined to file a Reply." 16.3 Report at 1.

## I.  LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, unlike

resolving a motion under Rule 12(b)(1), the court must construe the complaint in a light most

favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from

well-pleaded factual allegations.  *In re United Mine Workers of Am. Employee Benefit Plans*

*Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608

(D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must

be granted the benefit of all inferences that can be derived from the facts alleged.").  While the

court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn

by the plaintiff[] if such inferences are not supported by the facts set out in the complaint."

*Kowal*, 16 F.3d at 1276.  Moreover, the court is not bound to accept the legal conclusions of the

non-moving party.  *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997).  The court is limited

to considering facts alleged in the complaint, any documents attached to or incorporated in the

complaint, matters of which the court may take judicial notice, and matters of public record.  *See*

*St. Francis Xavier Sch.*, 117 F.3d at 624; *Marshall County Health Care Auth. v. Shalala*, 988

F.2d 1221, 1226 n.6 (D.C. Cir. 1993).  Factual allegations in briefs of memoranda of law may not

be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain

contradict those alleged in the complaint.  *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C.

Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996)

(when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

## II.  DISCUSSION

Defendant moves to dismiss pursuant to Rule 12(b)(6) on two grounds, which the Court

shall repeat herein in their entirety:

> [1] In this case, plaintiff has named only Charles Ramsey in his official capacity as a defendant.  Since official capacity suits are suits against the employer, this case should be dismissed because plaintiff has only sued Charles Ramsey and not the District.

> [2] Further, Rule 4(j)(2) of the Federal Rules of Civil Procedure requires that service upon a municipal corporation be made on the chief executive officer.  In this case, the chief executive officer is the Mayor of the District of Columbia, and he has not been served with process.

Def.'s Mot. to Dismiss at 3.

With respect to Defendant's second argument, it is clear from Plaintiffs' [2] Return of Service, filed well before Defendant filed his Motion to Dismiss, that the Mayor of the District of Columbia was served with process on February 17, 2006.  Plaintiffs indicate as much in their Opposition, to which Defendant indicated no intent to respond.  *See* Pls.' Opp'n at 3 ("Defendant is simply wrong in asserting that service was not effected against the Mayor.").  Based on the Court's review of the [2] Return of Service filed with respect to the Mayor of the District of Columbia and Defendant's intentional lack of reply to Plaintiffs' Opposition, the Court finds that there is no actual dispute that the Mayor of the District of Columbia was properly served in this case such that Defendant's request for dismissal on this basis is without merit.

Defendant's first argument–that this case should be dismissed because only Charles Ramsey in his official capacity as Chief of MPD was named as a Defendant as opposed to the District of Columbia–is no more successful (which the Court can only speculate is the reason why Defendant declined to file a reply to its Motion to Dismiss).  Plaintiffs correctly point out that the laws of the District of Columbia prevent a "noncorporate department or other body within a municipal corporation" from being sued as a separate entity.  *See Hinton v. Metro.*

3

*Police Dep't*, 726 F. Supp. 875, 875 (D.D.C. 1989) (dismissing plaintiff's action where suit was improperly brought against only MPD, Fifth District); *see also Roberson v. D.C. Bd. of Higher Ed.*, 359 A.2d 28, 31 n.4 (D.C. 1976) ("Appellant sued the Board of Higher Education and the individual Board members for money damages. The Board itself may not be a suable entity since no statute confers on it the status of a legal entity[.]"). Accordingly, Plaintiffs bring their action against MPD Chief Ramsey in his official capacity. The Supreme Court has held that this is an appropriate alternative to "pleading an action against an entity of which an officer is an agent." *See Monell v. N.Y. Dep't of Social Svcs.*, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978) ("[O]ur holding today that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name."); *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Therefore, Plaintiffs properly bring this action against "[their] employer" by way of naming Chief Ramsey in his official capacity. *See, e.g., Gasser v. Ramsey*, 125 F. Supp. 2d 1, 1 (D.D.C. 2000); *Griffith v. Ramsey*, Civ. No. 06–1223 (HHK), 2006 WL 2405055 (D.D.C. 2006). Accordingly, the Court finds that Plaintiffs have properly brought their action against Defendant Ramsey in his official capacity as Chief of the Metropolitan Police Department such that Defendant's request for dismissal on this basis also fails.[3]

---

[3] Even assuming *arguendo* that Plaintiffs had improperly named Chief Ramsey as "the real party in interest," *see* Fed. R. Civ. P. 17(a) (requiring that "[e]very action shall be prosecuted in the name of the real party in interest"), the proper remedy would not be dismissal. In such a

### III.  CONCLUSION

For the reasons set forth in this Opinion, the Court shall DENY [5] Defendant Charles

Ramsey's Motion to Dismiss.  An appropriate Order accompanies this Memorandum Opinion.


Date:   February 13, 2007


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

case, the Federal Rules of Civil Procedure actually preclude dismissal "until a reasonable time
has been allowed after objection for ratification of commencement of the action by, or joinder or
substitution of, the real party in interest; and such ratification, joinder, or substitution shall have
the same effect as if the action had been commenced in the name of the real party in interest." *Id.
See also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997) ("A
Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal
and in no way alters the original complaint's factual allegations as to the events or the
participants.").